RHESA HAWKINS BARKSDALE, Circuit Judge,
dissenting:
Consistent with the structure outlined by the esteemed majority, it is evident the contract mandates the parties to resolve their disputes by arbitration. Accordingly, I must respectfully dissent.
As correctly summarized by my BROTHERS, the contractual provision states: any dispute “shall” be presented to the other party for amicable resolution; but, if the parties cannot resolve the dispute, then it “may be resolved by [arbitration] in the manner described in Exhibit 12.2”. (Emphasis added.) Exhibit 12.2, entitled “Alternative Dispute Resolution”, provides: if a dispute cannot be resolved by the parties, then “either party may initiate an [arbitration] proceeding as provided herein”. (Emphasis added.) The balance of the exhibit is the arbitration procedure.
In sum, the contract requires the parties to attempt to resolve a dispute amicably; if they cannot, either party “may” initiate arbitration. “May” is defined by Black’s Law Dictionary as “1. To be permitted to”, “2. To be a possibility”, and “3. Loosely, is required to; shall; must.... In dozens of cases, courts have held may to be synonymous with shall or must”. Black’s Law Dictionary (8th ed.2004). Therefore, both parties unambiguously gave their permission for the other to initiate arbitration if that party so desires; only if neither party desires arbitration can litigation take place. See, e.g., Deaton Truck Line, Inc. v. Local Union 612, 314 F.2d 418, 421-22 (5th Cir.1962) (holding contract using “may” clearly gave either party the right to compel arbitration).
*277 And, even if the clause is ambiguous and extrinsic evidence should be considered, the extrinsic evidence does not clearly indicate both parties’ intent was to require mutual consent for arbitration of a dispute. This is reflected by Plaintiffs general counsel’s drafting, but not proposing, “may with mutual consent” language.